# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 05-70038

ERIC LYNN MOORE

Petitioner-Appellee

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellant

---

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division

---

Before JONES, Chief Judge, KING, JOLLY, DAVIS, SMITH, WIENER,
BARKSDALE, GARZA, BENAVIDES, STEWART, DENNIS, CLEMENT,
PRADO, OWEN, ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

The issue before this en banc court is whether capital habeas petitioner, Eric Moore, was entitled to a de novo federal court decision whether his alleged mental retardation constitutionally exempts him from execution. We conclude, on the particular facts here presented, that he was so entitled, and we return this case to the panel for review of the district court's finding.

Petitioner Moore was convicted and sentenced to death in Texas in 1991 and exhausted his direct and collateral remedies. He promptly sought further

relief after the Supreme Court declared in Atkins v. Virginia that mentally retarded defendants are constitutionally immune from the death penalty. 536 U.S. 304, 122 S. Ct. 2242 (2002). The Texas Court of Criminal Appeals ("TCCA"), from which he sought this relief, just as promptly denied his successive state habeas petition as an abuse of the writ under article 11.071, section 5(a) of the Texas Code of Criminal Procedure. Ex Parte Moore, No. 38,670-02 (Tex. Crim. App. Feb. 5, 2003) (unpublished).[1] Moore proceeded to federal court, where this court authorized him to pursue a successive § 2254 petition. In re Moore, No. 03-40207, 67 F. App'x 252 (5th Cir. May 12, 2003) (unpublished) (citing 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.")). After considerable procedural activity in the federal district and appellate courts, Moore obtained an adversary de novo hearing. The district court found him mentally retarded and granted the writ.

A divided panel of this court reversed, finding Moore's state court claim unexhausted, that is, not fairly presented to the state courts for decision. Moore v. Quarterman, 491 F.3d 213 (5th Cir. 2007). Because Moore was thereby barred from seeking federal habeas relief, the panel majority did not evaluate the district court's merits determination. Judge Dennis asserted in dissent either that Moore's claim was exhausted in state court or, if unexhausted, that recognized exceptions to the exhaustion doctrine applied. Id. at 224–32 (Dennis,

---

[1] The TCCA stated: "We have reviewed the application and find it fails to contain sufficient specific facts which would satisfy the requirements of [article 11.071, § 5(a)]."

J., dissenting). The court voted to rehear the case en banc. Moore v. Quarterman, No. 05-70038, 2008 WL 660420, at *1 (5th Cir. Mar. 12, 2008).

Federal cognizance of second or successive § 2254 petitions is governed by strict standards under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Any such petition must be filed timely, 28 U.S.C. § 2244(d)(1)(C), and approved by the appellate court before it may be heard by a district court, 28 U.S.C. § 2244(b)(3). See generally 28 U.S.C. § 2244(a)-(d). Moore cleared those hurdles. Still, his petition was subject to different standards of review by the federal court depending on whether he exhausted or did not exhaust his mental retardation claim in the state courts.[2]

Determining whether a petitioner exhausted his claim in state court is a case- and fact-specific inquiry.[3] See Morris v. Dretke, 413 F.3d 484, 491, 495 (5th Cir. 2005). The panel opinions demonstrate that reasonable arguments can be made for and against Moore's satisfaction of the exhaustion requirement in this case. Nevertheless, we conclude that this debate need not be pursued, because even if Moore failed to exhaust, the unique circumstances here establish cause for his default and prejudice in the absence of federal court review. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991); Martinez v. Johnson, 255 F.3d. 229, 238–39 (5th Cir. 2001). The existence of "cause" for a

___

[2] If a petitioner exhausted his Atkins claim in state court, and the TCCA rejected the claim "on the merits," AEDPA ordinarily requires deference to the state court's judgment on legal and factual grounds. 28 U.S.C. § 2254(d). See Rivera v. Quarterman, 505 F.3d 349, 355–56 (5th Cir. 2007); Moreno v. Dretke, 450 F.3d 158 (5th Cir. 2006). If a petitioner did not exhaust the Atkins claim by presenting it fairly to the state courts, the federal court ordinarily must, absent cause and prejudice or a "fundamental miscarriage of justice," dismiss or deny the petition. Martinez, 255 F.3d at 238–39, 239 n.12.

[3] For this reason, the issue of exhaustion in Moore's case is not controlled by this court's decisions in Morris or Rivera.

procedural default "must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). Further, to show "prejudice" a defendant must demonstrate that errors "worked to his actual and substantial disadvantage," amounting to errors of constitutional dimensions. See United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982) (emphasis in original).[4]

Moore had cause for misunderstanding the state's successive writ procedures because, when he filed his Atkins petition on December 26, 2002, the TCCA had published no opinion explaining the factual criteria that must be pled in an Atkins petition, nor had such criteria become evident in practice, arising from the unpublished disposition of similar petitions. The earliest explanation occurred in Ex parte Williams, No. 43907-02, 2003 WL 1787634, at *1–2 (Tex. Crim. App. Feb. 26, 2003) (Cochran, J., concurring) (unpublished).[5] Moreover, Atkins specifically reserved to the states the adoption of procedures to implement its new constitutional rule, yet only a few months had passed before Moore filed his petition, and the State had not taken any definitive action. Moore could not exhaust a remedy that the TCCA had not yet articulated; this "cause" was external to Moore and beyond his control. Further, Moore would plainly suffer prejudice from being unable to establish the facts involved in his

---

[4] Because the cause and prejudice standard is met, we need not discuss the "fundamental miscarriage of justice" exception to exhaustion. See Sawyer v. Whitley, 505 U.S. 333, 336, 112 S. Ct. 2514, 2517 (1992).

[5] Later the TCCA codified what had by then become its practice in Ex parte Briseno, 135 S.W.3d 1 (Tex. Crim. App. 2004).

mental retardation claim. Moore's mass of evidence, taken at face value, presented a substantial Atkins claim.

Because Moore had cause for and suffered prejudice from the then-uncertain state of Texas law on how to present Atkins evidence in state court, the federal district court had the authority to review his claim, even if it was unexhausted, and was under no obligation to defer to the state court's decision. We RETURN this case to the panel for review of the ultimate Atkins determination of mental retardation under the clear error standard.